IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| LASHAUN JOHNSON,<br>    *pro se* Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br>    Defendant. | Civil No. 3:17cv397 (JAG) |

REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss for Failure to Prosecute and Memorandum in Support ("Def.'s Mot. to Dismiss") (ECF No. 13). Based on Defendant's submission, and because Plaintiff failed to file a response, the Court's recommends that Defendant's Motion (ECF No. 13) be GRANTED.

On May 25, 2017, LaShaun Johnson ("Plaintiff"), proceeding *pro se*, filed her Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1383(c)(3) regarding the Social Security Administration's denial of her application for Supplemental Security Income. Defendant filed her Answer (ECF No. 11) on July 24, 2017. On July 25, 2017, the Court issued a Scheduling Order (ECF No. 12) setting forth a briefing schedule for the parties to file their cross-motions for summary judgment. When Plaintiff failed to file a motion for summary judgment by August 24, 2017, the deadline set forth in the Scheduling Order, Defendant sent a warning letter to Plaintiff, dated September 13, 2017. (Def.'s Mot. to Dismiss at 1; Def.'s Ex. 1 (ECF No. 15-1).) The letter, sent via email and regular mail, advised Plaintiff that if she did not file a motion for summary judgment by September 22, 2017, Defendant would file a motion to dismiss. (Def.'s Mot. to Dismiss at 1;

Def's Ex. 1.) Plaintiff filed neither a motion for summary judgment nor a motion for an extension of time during that time. (Def.'s Mot. to Dismiss at 1.)

Accordingly, on September 25, 2017, Defendant filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) and served *pro se* Plaintiff with a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), as required by Local Rule 7(K). (Def.'s Mot. to Dismiss at 1-2; "*Roseboro* Notice" (ECF No. 14).) The *Roseboro* Notice informed Plaintiff that Local Rule 7(K) entitled her to respond to Defendant's Motion to Dismiss within twenty-one days of September 25, 2017, and that if Plaintiff did not file a response, the Court could dismiss her case. (*Roseboro* Notice at 1-2.)[1] To date, Plaintiff has still not responded to Defendant's Motion to Dismiss, filed a motion for summary judgment or filed a motion for extension of time.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute, . . . a defendant may move to dismiss the action," and that such a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Court is vested with the power to dismiss an action for failure to prosecute, so that courts can "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). In determining a motion for involuntary dismissal pursuant to Rule 41(b), the Court looks to "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1077 (E.D. Va. 1991), *aff'd*, 16 F.3d 414 (4th Cir. 1993).

---

[1] In accordance with Local Rule 7(K), the *Roseboro* Notice also informed Plaintiff that her response must "identify all facts stated by . . . Defendant with which [she] disagree[d] . . ." and that she could "file a legal brief in opposition to the one filed by . . . Defendant." (*Roseboro* Notice at 1-2.)

2

These factors are not rigid, and dismissal depends upon the circumstances of the case. *Ballard v. Carlson*, 822 F.2d 93, 95 (4th Cir. 1989).

Here, Plaintiff received adequate notice of Defendant's Motion to Dismiss and failed to offer a response. Therefore, the Court finds that Plaintiff does not contest Defendant's Motion. The Scheduling Order, the warning letter sent by Defendant and the *Roseboro* Notice demonstrate that Plaintiff had adequate notice of the deadline for filing a motion for summary judgment and of Defendant's intent to move forward seeking dismissal. The Court knows of no less drastic sanction than dismissal to cure Plaintiff's failure to prosecute. Consequently, the Court finds dismissal of Plaintiff's claim appropriate.

For the reasons set forth above, the Court recommends that Defendant's Motion to Dismiss (ECF No. 13) be GRANTED and that Plaintiff's Complaint (ECF No. 4) be DISMISSED with prejudice.

Let the clerk forward a copy of this Report and Recommendation to United States District Judge John A. Gibney, Jr., *pro se* Plaintiff at her address of record and all counsel of record.

### NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: October 19, 2017